UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SEAN E. POSEY, )
)
        Plaintiff, )
) Cause No. 3:16-cv-632
    vs. )
)
JOHN DELONEY, *et. al.*, )
)
        Defendants. )

## OPINION AND ORDER

Sean E. Posey, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983, alleging nine employees at the Westville Correctional Facility retaliated against him for previously filing a civil rights lawsuit. (DE 19.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b). Courts apply the same standard under section 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602– 3 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603 (internal quotation marks and citation omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in

1

the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

Although Posey is currently incarcerated at the New Castle Correctional Facility, the events that led to the filing of this lawsuit took place while he was housed at Westville. (DE 19.) Posey claims that when he arrived at Westville on March 9, 2015, he told the defendants that he had a pending civil rights lawsuit against various Westville employees and asked to be placed in protective custody. (*Id.* at 8–9.) He alleges that for the next two days the defendants refused to place him in protective custody, verbally and physically harassed him, and allowed other inmates to rob him. (*Id.* at 8–14.) He seeks money damages and injunctive relief against nine defendants: Case Manager John Deloney, Sergeant John Lanier, Lieutenant Jane Washington, Officer John Ruel, Lieutenant John Creasy, Sergeant Alonzo Burris, Sergeant Refuge Curtis, Captain Larry Steinbeck, and Sergeant Daniel Palmroy. (*Id.* at 2, 23–24.)

I'll begin with the claim for injunctive relief, which can be readily dispatched. Posey cannot proceed on his claims for injunctive relief because he is no longer housed at Westville. When "a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate

that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quotation marks and citations omitted). Posey was transferred from Westville to New Castle and has not demonstrated that he is likely to be retransferred, so any claim for an injunction cannot go forward.

The crux of Posey's complaint is that all nine defendants retaliated against him for having filed a lawsuit against Westville employees. To establish a claim of retaliation in violation of the First Amendment, the plaintiff must allege: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the defendant's action was motivated by the protected activity. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). A prisoner has a First Amendment right to file a lawsuit, and cannot be punished for exercising this right. *Id.*; *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996).

Back in 2013, Posey filed a 46-page lawsuit against 17 defendants alleging civil rights violations. That case is *Posey v. Scott*, No. 3:13-CV-1033 (N.D. Ind. Sept. 25, 2013). The case was assigned to Judge James Moody and ultimately judgment was entered in favor of all defendants and against Posey. As best I can tell, five of the 17 defendants in that case—Creasy, Burris, Curtis, Steinbeck and Palmroy—are defendants in the present matter. The filing of that earlier lawsuit constitutes protected activity, satisfying the first element of a First Amendment retaliation claim. But Posey has not plausibly alleged any facts demonstrating that all nine defendants' actions toward him were motivated by

3

that lawsuit. The simple fact that Posey's lawsuit predated his alleged mistreatment is not sufficient to show the required nexus. Though Posey chronicles being mistreated at various times by these defendants throughout his first two days at Westville, he does not allege anything to link that mistreatment to retaliation. Nor is it plausible to find that any such link exists. As such, it is entirely unclear why Posey believes that all nine defendants were somehow motivated by that lawsuit.

Moreover, there does not seem to be anything about that prior lawsuit that would have triggered any such retaliation in March of 2015. While it is true that Posey filed a lawsuit, many prisoners file lawsuits against employees at Westville. And, while Posey claims that the lawsuit was pending when he arrived at Westville, it was not. Posey had already lost that case on summary judgment for failing to exhaust his administrative remedies. So it is even more perplexing as to why Posey believes that all of these defendants were retaliating against him for filing an unsuccessful lawsuit. Although he details many things that occurred on March 9 and 10, 2015, he does not specify why he believes those acts were retaliatory. Without more, it is not plausible to conclude that the defendants' alleged actions were motivated by retaliation. Posey must provide details about how the defendants knew about the prior lawsuit and why he believes the defendants' actions were retaliatory.

Posey also alleges that Lieutenant Washington failed to intervene in another officer's use of excessive force against him on March 9, 2015. On that date, an officer allegedly handcuffed Posey so tightly that his wrists began to bleed and also bent

4

Posey's wrists back while Lieutenant Washington was present. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994). But there is no indication that Lieutenant Washington had any realistic opportunity to prevent that officer from using excessive force. Instead, it appears as though she was merely present while the officer handcuffed Posey and bent his wrist back. These events seemingly happened in an instant, not giving Lieutenant Washington any realistic opportunity to prevent the officer's actions. To plausibly state a claim, Posey must provide additional facts about this episode, explaining how Lieutenant Washington had a realistic opportunity to prevent the officer from using excessive force but failed to do so.

Next, Posey alleges Officer John Ruel used excessive force against him on March 9, 2015. After entering the 10 Dorm Housing Unit, Officer Ruel began verbally harassing Posey and then shoved him to the ground and shouted profanities at him. The verbal harassment, though unsavory and deplorable, does not trigger any constitutional protections. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prison equal protection of the laws."). It is unclear why Officer Ruel shoved Posey to the ground and equally unclear if Posey was harmed by being shoved. For these reasons, I cannot find that he has adequately stated a claim

5

for excessive force against Officer Ruel. Posey must explain the events that led up to the altercation, why Officer Ruel shoved him, and identify any resulting injury.

Next, he complains that the defendants failed to protect him when they refused to place him in protective custody. When Posey arrived at Westville, he informed the defendants that he feared for his safety. Posey was moved to various housing units; however, he was not placed in protective custody. In one of those housing units, Posey was sexually assaulted by an inmate.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). However, "[p]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* (internal quotation marks and citations omitted). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). And, "the fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (internal quotation marks and citation omitted).

Posey's allegations are inadequate, at least at this time. As a threshold matter, it

is not clear if Posey was asking for protection from staff or offenders at Westville. It is also unclear what reasons he gave for why he sought protective custody and why protective custody was denied. Thus, as presently pleaded, the complaint does not state a viable failure to protect claim. Posey must explain from whom he was seeking to be protected from, the reasons he was seeking protective custody, why he was denied protective custody, and any resulting harm from not being given protective custody.

When a complaint is confusing or lacks necessary detail, the district court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Accordingly, I will strike the complaint and give Posey an opportunity to file another amended complaint. In that amended complaint, he must address the deficiencies noted in this order and provide a factual basis in the body of his complaint for his claims against each defendant.

For these reasons, the Court:

(1) **STRIKES** the amended complaint (DE 19);

(2) **DIRECTS** the Clerk of Court to place this cause number on a blank Prisoner Complaint form and send it to Sean E. Posey;

(3) **GRANTS** Sean E. Posey to and including March 27, 2017, to file an amended complaint; and

(4) **CAUTIONS** Sean E. Posey that if he does not respond by the above deadline, this case will be dismissed without further notice.

**SO ORDERED.**

Entered: February 24, 2017.

s/ Philip P. Simon
JUDGE, UNITED STATES DISTRICT COURT